UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      Case No. 1-09-44856-dem

ANNIE WILLIAMS,                                             Chapter 13

                Debtor.
------------------------------------------------------------x

## DECISION AND ORDER ON APPLICATION FOR STAY RELIEF

Appearances:

Richard A. Klass, Esq.
Attorney for Movant Michael Perez
16 Court Street, 29th Floor
Brooklyn, New York 11241


DENNIS E. MILTON
UNITED STATES BANKRUPTCY JUDGE


## INTRODUCTION

On June 10, 2009, represented by counsel, Annie Williams (the "debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. The matter is before the Court on the application of the movant Michel Perez (the "Movant"), the successful bidder at a foreclosure sale of the premises which the debtor partly owned and where she resided (the "Property") which was held on the petition date. The Movant was unable to establish that the foreclosure sale took place at a time before the filing of the petition.

On July 21, 2009, the Movant filed an application for an Order lifting the automatic stay on the Property. On July 27, 2009, the case was automatically dismissed with a docket entry by reason of the debtor's failure to meet the requirements of Section 521(i)(1) of the Bankruptcy Code. In the application, the Movant claimed that the debtor's filing was a nullity

because the debtor was ineligible to be a debtor on June 10, 2009, the petition date, and argued that the Court should terminate the automatic stay nunc pro tunc. On September 15, 2009, the Court heard argument on the application, and the Court adjourned the hearing for procedural deficiencies to October 19, 2009. On October 19, 2009, the Court directed the Movant to file an Amended Notice of Motion. On December 1, 2009, the Court held a hearing on the application and took the matter under advisement.

For the reasons set forth more fully below, the Court finds that the ineligibility of Annie Williams to be a debtor under Section 109(h)(1) of the Bankruptcy Code does not render her filing of a chapter 13 petition a nullity nor void ab initio, and does not provide a basis for termination of the automatic stay nunc pro tunc. The debtor's failure to act in good faith in this case warrants the annulment of the automatic stay and the validation of the petition day foreclosure sale.

## JURISDICTION

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2) and the Eastern District of New York standing order of reference dated August 28, 1986. This Decision and Order constitutes the Court's findings of fact and conclusions of law to the extent required by Fed. R. Bankr. P. 7052.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 10, 2009, represented by counsel, Annie Williams (the "debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.[1] This was the debtor's second petition in bankruptcy. The matter is before the Court on the application of the Movant,

---

[1] The petition cover sheet reflects that the bankruptcy case was commenced with the filing of a chapter 13 voluntary petition at 9:26 a.m. on June 10, 2009.

2

the successful bidder at a foreclosure sale of the Property which the debtor partly owned and where she resided which was held on the petition date. The Movant was unable to establish that the foreclosure sale took place at a time before the filing of the petition.

On July 21, 2009, the Movant filed an application for an Order lifting the automatic stay on the Property. On July 27, 2009, the case was automatically dismissed with a docket entry by reason of the debtor's failure to meet the requirements of Section 521(i)(1) of the Bankruptcy Code. In the application, the Movant claimed that the debtor's filing was a nullity because the debtor was ineligible to be a debtor on June 10, 2009, the petition date, and argued that the Court should terminate the automatic stay <u>nunc pro tunc</u>. On September 15, 2009, the Court heard argument on the application, and the Court adjourned the hearing for procedural deficiencies to October 19, 2009. On October 19, 2009, the Court directed the Movant to file an Amended Notice of Motion. On December 1, 2009, the Court held a hearing on the application and took the matter under advisement.

## DISCUSSION

### POINT I

**An Individual's Failure to Comply with the Provisions of Section 109 of the Bankruptcy Code Do Not Render the Filing of a Petition In Bankruptcy a Nullity and Do Not Constitute Grounds For Relief From the Automatic Stay of Section 362 of the Bankruptcy Code.**

In the application, the Movant argues that because the debtor was found to be ineligible to be a debtor under Section 109(h)(1) of the Bankruptcy Code, her filing of a petition for relief under Chapter 13 of the Bankruptcy Code on June 10, 2009 was a nullity. As a result, Movant contends, the automatic stay did not come into effect and did not operate as a stay to the foreclosure sale held on that date. In support of this argument, the Movant relied upon language

3

in <u>Adams v. Finlay</u>, 2006 WL 3240522 (S.D.N.Y. 2006) in which the court construed Bankruptcy Code Sections 109(h), 301 and 362(a) to establish that no automatic stay can exist for debtors who fail to meet the requirements of Bankruptcy Code Section 109(h).

This argument is unavailing. The automatic stay is the cornerstone of the Bankruptcy Code. Eligibility under Section 109 is not jurisdictional and the filing of a petition by an individual ineligible to do so commences a bankruptcy case that is neither a nullity nor void <u>ab</u> <u>initio</u>. In <u>In re Seamen</u>, 340 B.R. 698, 707 (Bankr. E.D.N.Y. 2006) (citing <u>In re Flores</u>, 291 B.R. 44 (Bankr. S.D.N.Y. 2003) the bankruptcy court followed this rationale and concluded that "[u]ntil the Court determines that a petitioner is ineligible, a case is commenced by the filing of a petition and cannot be a nullity." Accordingly, the Movant's application for relief from the automatic stay because Annie Williams was found to be ineligible to be a debtor due to her failure to comply with Section 109(h)(1) of the Bankruptcy Code is denied.

## POINT II

### The Automatic Stay Should Be Annulled and the Foreclosure Sale Validated to the Debtor's Failure to Act in Good Faith

Although the Movant's sole ground advanced to validate the foreclose sale is unavailing to him in this case, the Court finds that other grounds exist which warrant the annulment of the automatic stay and validation of the foreclosure sale. See <u>In re Campbell</u>, 356 B.R.722 (W.D. Mo. 2006); <u>In re Williams</u>, 257 B.R. 297, 301 (Bankr. W.D. Mo. 2001); <u>In re Stockwell</u>, 262 B.R. 275, 281 (Bankr. Vt.2001). These courts have identified the following factors as those a court should consider in determining whether to grant a request to annul the stay and validate a post petition foreclosure sale:

(1) whether the creditor had actual or constructive knowledge

> of the bankruptcy filing and, therefore, of the stay; (2) whether
> the debtor has acted in bad faith; (3) whether there is equity in
> the property of the estate; (4) whether the property is necessary
> for an effective reorganization; (5) whether grounds for relief
> from stay exist and a motion, if filed, would have been granted
> prior to the violation; (6) whether failure to grant retroactive relief
> would cause unnecessary expense to the creditor; (7) whether the
> creditor has detrimentally changed its position on the basis of the
> action taken; (8) whether the creditor took some affirmative action
> post-petition to bring about the violation of the stay; and (9) whether
> the creditor promptly seeks a retroactive lifting of the stay and
> approval of the action taken.

In re Campbell, 356 at 725 (quoting In re Williams, 257 B.R. at 301).

A review of these factors amply supports the annulment of the automatic stay and the validation of the foreclosure sale in this case. The Movant's foreclosure sale on the same day of the debtor's petition filing was a violation of the automatic stay. It appears that the violation was unwitting, in that neither the Movant nor his counsel had actual notice or knowledge of the debtor's filing prior to the foreclosure sale. Debtor's conduct in this and her prior chapter 13 case evidence a lack of good faith. In the second case, the debtor filed a bare bones petition, with an expired credit counseling certificate and failed to pay the petition filing fee. This debtor had significant prior experience in the bankruptcy court, and has had ample opportunity to respond to the instant application but has not done so. The property was sold at the foreclosure sale to an independent third party, whose rights would be affected by an order voiding the foreclosure sale as a violation of the automatic stay. There is no question that the Movant has acted quickly to seek a retroactive lifting of the automatic stay and approval of the action taken.

## CONCLUSION

For the reasons set forth more fully above, the Court finds that the ineligibility of

Annie Williams to be a debtor under Section 109(h)(1) of the Bankruptcy Code does not render her filing of a chapter 13 petition a nullity nor void <u>ab</u> <u>initio</u>, and does not provide a basis for termination of the automatic stay <u>nunc</u> <u>pro</u> <u>tunc</u>. The debtor's failure to act in good faith in this case warrants the annulment of the automatic stay and the validation of the petition day foreclosure sale.

    IT IS SO ORDERED.

Dated: Brooklyn, New York
       January 27, 2010

          s/ Dennis E. Milton
          DENNIS E. MILTON
          United States Bankruptcy Judge